UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| KELLY CLAYTON, o/b/o M.M.M., | No. 2:18-cv-3097 AC |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| ANDREW SAUL, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for Supplemental Security Income ("SSI") on behalf of her child under Title XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 1381-1383f.[1] For the reasons that follow, the court will deny plaintiff's motion for summary judgment and grant the Commissioner's cross-motion for summary judgment.

////

////

---

[1] SSI is paid to financially needy disabled persons. 42 U.S.C. § 1382(a); Washington State Dept. of Social and Health Services v. Guardianship Estate of Keffeler, 537 U.S. 371, 375 (2003) ("Title XVI of the Act, § 1381 *et seq.*, is the Supplemental Security Income (SSI) scheme of benefits for aged, blind, or disabled individuals, including children, whose income and assets fall below specified levels . . .").

# I. PROCEDURAL BACKGROUND

Plaintiff applied for SSI benefits on her child's behalf on December 4, 2014. Administrative Record ("AR") 84, 224.[2] Plaintiff alleged the child's disability onset date was August 1, 2014. AR 58, 224. The applications were disapproved initially, (AR 58, 143-46), and on reconsideration, (AR 58, 153-57). On June 2, 2017, Administrative Law Judge ("ALJ") Judith A. Kopec presided over hearings on plaintiff's challenge to the disapprovals. AR 58, 79-116 (hearing transcript). Plaintiff and her child were present and testified at the hearing. AR 58, 79. The minor was represented by attorney representative Harvey Stack. Id. Michael Lace, a medical expert, also testified at the hearing. Id.

On October 27, 2017, the ALJ issued an unfavorable decision, finding the child "not disabled" under Section 1614(a)(3)(C) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 58-74 (decision), 75-78 (exhibits). On September 25, 2018, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 1-6 (decision).

Plaintiff filed this action on November 29, 2019. ECF No. 1; see 42 U.S.C. §§ 405(g), 1383c(3). The parties consented to the jurisdiction of the magistrate judge. ECF Nos. 7, 8. The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF Nos. 18 (plaintiff's summary judgment motion), 23 (Commissioner's summary judgment motion), 24 (plaintiff's response).

# II. FACTUAL BACKGROUND

Plaintiff's child was born in 2008 and was a minor child when plaintiff filed her application on the child's behalf. AR 58, 224. Plaintiff alleges disability beginning August 1, 2014 based on a combination of impairments including attention deficit hyperactivity disorder (ADHD), bipolar disorder, behavioral disorder, and learning disorder. AR 251-57.

# III. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards."

---

[2] The AR is electronically filed at ECF Nos. 11-3 to 11-9 (AR 1 to AR 386).

Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue, 674 F.3d 1104, 1110-11 (9th Cir. 2012). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir.

3

2006) (quoting Stout v. Commissioner, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## IV. RELEVANT LAW

Supplemental Security Income is available for every eligible individual who is "disabled." 42 U.S.C. § 1381a; Department of HHS v. Chater, 163 F.3d 1129, 1133 (9th Cir.1998) ("The Social Security Act directs the Commissioner of the Social Security Administration to provide benefits to all individuals who meet the eligibility criteria"). An individual under the age of 18, such as plaintiff's child here, is "disabled" if he meets two criteria, set forth at 42 U.S.C. § 1382c(a)(3)(C)(i):

> First, he must have an impairment that results in marked and severe functional limitations. He satisfies this criterion if his impairment matches one of those described in the Listing [Listing of Impairments, 20 CFR Pt. 404, Subpart. P, App. 1]. Second, the impairment must have lasted or can be expected to last for a continuous period of at least 12 months

Merrill ex rel. Merrill v. Apfel, 224 F.3d 1083, 1085 (9th Cir.2000); see also, 20 CFR § 416.906 ("Basic definition of disability for children"). "The claimant bears the burden of establishing a prima facie case of disability." Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir.1995) (citing Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir.1992)), cert. denied, 517 U.S. 1122 (1996); Smolen v. Chater, 80 F.3d 1273, 1289 (9th Cir.1996).

The Commissioner has established a three-step sequential evaluation process for the ALJ to follow when considering the disability application of a minor claimant. 20 C.F.R. § 416.924(a); see, e.g., Rose v. Colvin, 2013 WL 5476513, at *2 (E.D. Cal. 2013) (applying the three-step sequential evaluation process in a child disability case); Augustine ex rel. Ramirez v. Astrue, 536 F.Supp.2d 1147, 1150 (C.D. Cal. 2008) (same); Smith ex rel. Enge v. Massanari, 139 F.Supp.2d 1128, 1132 (C.D. Cal. 2001) (same). The Commissioner developed this evaluation process after the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Pub.L. No. 104–193, § 211, 110 Stat. 2105 (1996), altered the statutory definition of childhood disability and the standard for determining whether a child is eligible for disability benefits. See Howard ex rel. Wolff, 341 F.3d at 1013 (citing legislative history indicating that the change in the

law was designed so that only needy children with severe disabilities will be eligible for SSI); Jamerson v. Chater, 112 F.3d 1064, 1065, 1067–68 (9th Cir.1997) (recognizing the more stringent standard for finding a child disabled imposed by the 1996 legislation). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. § 416.924(a).

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

Id., § 416.924(a), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, the claimant is not disabled.

Id., § 416.924(a), (d).

Step Three encompasses two analytical steps. First, it must be determined whether the claimant's impairment meets or medically equals a Listing. Second, the impairment must also satisfy all of the criteria of the Listing. 20 C.F.R. § 416.925(d). The mere diagnosis of an impairment in the Listing is insufficient, without more, to sustain a finding of disability. Young v. Sullivan, 911 F.2d 180, 183 (9th Cir.1990); Key v. Heckler, 754 F.2d 1545, 1549 (9th Cir.1985). If the claimant does not meet or medically equal a Listing, he may still be considered disabled if an impairment results in limitations that "functionally equal the listings." 20 C.F.R. § 416.926a(a).

In determining whether the severe impairment functionally equals the listings, the ALJ must assess the claimant's functioning in six "domains." The "domains" are broad areas of functioning that are "intended to capture all of what a child can and cannot do." Id., § 416.924a(b)(1). The six domains are: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring himself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1). To "functionally equal" the listings, the impairment must result in "marked" limitations in two

5

domains or an "extreme" limitation in one domain. Id., § 416.926a(a), (d). In making this assessment, the ALJ looks at "how appropriately, effectively, and independently" the claimant preforms his activities "compared to the performance of other children [the claimant's] age who do not have impairments." Id., § 416.926a(b).

A minor has a "marked" limitation in a domain if his impairment "interferes seriously" with his "ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i). The regulations also provide that "marked" limitations means a limitation that is "more than moderate" but "less than extreme." Id. A minor has an "extreme" limitation in a domain if his impairment "interferes very seriously" with his "ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(3)(i). The regulations also provide that an "extreme" limitation also means a limitation that is "more than marked." Id. However, "extreme" limitation does not mean a "total lack or loss of ability to function." Id.

The claimant bears the burden of establishing a prima facie case of disability. Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995); see 20 C.F.R. § 416.912(a) ("In general, you have to prove to us that you are blind or disabled"); Bowen, 482 U.S. at 146 n.5. This burden requires a showing that the minor has an impairment listed in the regulations, and that he has met the duration requirement. See 20 C.F.R. § 416.924(a), 416.924(d)(2).

V. THE ALJ's DECISION

The ALJ made the following findings:

> 1. The claimant was born [in June of 2008]. Therefore, he was a school-age child on November 14, 2014,[3] the date application was filed, and is currently a school-age child (20 CFR 416.926a(g)(2)).
>
> 2. [Step 1] The claimant has not engaged in substantial gainful activity since November 14, 2014, the application date (20 CFR 416.971 *et seq.*).
>
> 3. [Step 2] The claimant has the following severe impairments: disruptive behavior disorder and attention deficit hyperactivity disorder combined (hereinafter "ADHD"). (20 CFR 416.924(c)).

---

[3] This date of November 14, 2014 is inconsistent with the record concerning the date plaintiff filed the initial application. A copy of the application appears in the record and is dated December 4, 2014. AR 224. The ALJ also indicated at the hearing, without objection from the parties, that the application date is December 4, 2014. AR 84.

6

>       4. [Step 3] The claimant does not have an impairment or combination
>       of impairments that meets or medically equals the severity of one of
>       the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1
>       (20 CFR 416.924, 416.925 and 416.926).
>
>       5. The claimant does not have an impairment or combination of
>       impairments that functionally equals the severity of the listings (20
>       CFR 416.924(d) and 416.926(a).
>
>       6. The claimant has not been disabled, as defined in the Social
>       Security Act, since November 14, 2014, the date the application was
>       filed (20 CFR 416.924(a)).

AR 58-74.

As noted, the ALJ concluded that the minor was "not disabled" under Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 74.

## VI. ANALYSIS

Plaintiff challenges the ALJ's finding that the minor's mental impairments did not meet or functionally equal a listed impairment. ECF No. 18 at 12.[4] In reaching her conclusion in this regard, the ALJ assessed the evidence as to each of the six pertinent domains. She found that the minor had no limitations in the areas of moving about and manipulating objects; caring for himself; or health and physical well-being; and had less than marked limitations in the areas of acquiring and using information; attending and completing tasks; and interacting and relating with others. AR 69-73. Plaintiff argues that substantial evidence establishes the minor's marked limitations in the domains of (1) acquiring and using information, and (2) attending and completing tasks. ECF No. 18 at 14.[5] As the Commissioner notes, ECF No. 23 at 5, plaintiff does not allege that the ALJ applied an incorrect legal standard. Accordingly, the only issue before the court is whether substantial evidence supports the ALJ's findings that the minor had less than marked limitations in (1) attending and completing tasks and (2) interacting and relating

---

[4] Citations to documents in the court record use the page numbers imposed by the Electronic Case Filing system, rather than the document's internal pagination.

[5] Findings of marked limitation in two domains would render the minor disabled within the meaning of the statute. See 20 C.F.R. § 416.926a(a) ("[Y]our impairment(s) must be of listing-level severity; i.e., it must result in 'marked' limitations in two domains of functioning or an 'extreme' limitation in one domain, as explained in this section."). Plaintiff does not challenge the ALJ's finding of no limitation in acquiring and using information.

7

with others.  See Andrews, 53 F.3d at 1039.

The ALJ relied on the opinion testimony of impartial medical expert Michal A. Lace, Ph.D., to which she gave "great weight."  AR 68.[6]  After reviewing the evidence, Dr. Lace testified at the hearing that the minor's disruptive behavior disorder and ADHD, combined, were severe, but that he had less than marked limitations in attending and completing tasks and interacting and relating with others.  AR 88-91.  The ALJ determined that Dr. Lace had supported these findings with evidence from the record, and that his findings were consistent overall with the record.  AR 68-71, 88-91.

The opinions of a nonexamining, testifying medical advisor such as Dr. Lace "may serve as substantial evidence when they are supported by other evidence in the record and are consistent with it."  Morgan, 169 F.3d at 600.  Here, the ALJ found that Dr. Lace's opinion was consistent with evidence that the minor exhibited symptoms of ADHD and a mood disorder, but that he improved with treatment and that medication, counseling, and family support managed his impairments.  AR 69.  It is well established that impairments which can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits.  Warre v. Comm'r, 439 F.3d 1001, 1006 (9th Cir. 2006).  Having independently reviewed the medical record, the undersigned agrees with the ALJ that Dr. Lace's opinion was supported by and consistent with the record.

The ALJ's conclusion that the minor had less than marked limitations in the disputed domains was based on the finding that medication and treatment generally controlled and improved his various behavioral symptoms.  AR 70-71.  Because Dr. Lace's opinion constitutes substantial evidence supporting that finding, the ALJ's conclusion may not be disturbed on judicial review.  See Howard ex rel. Wolff, 341 F.3d at 1011.

////

---

[6] The ALJ also considered the opinions of four other doctors, two of whom examined the minor at the request of the Agency and two of whom reviewed evidence.  Although their findings varied, none of these experts opined that the minor had marked limitations in two domains.  Each of these opinions was given partial weight by the ALJ.  See AR 65-67.  Plaintiff raises no issues related to these opinions.

8

Plaintiff acknowledges that school records show some progress and improvement with medication and treatment, but nonetheless contends that the minor's "limitations in the domains of attending and completing tasks and interacting and relating with others are still at the marked level." ECF No. 18 at 11-12; see also ECF No. 24 at 2. It is true that the record, including teacher questionnaires and other lay witness evidence as well as medical and psychological records, demonstrates serious impairments. However, even if the record may be fairly construed to support plaintiff's contention, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas, 278 F.3d at 954; Burch, 400 F.3d at 679.

Here plaintiff has argued for an alternative interpretation of the evidence, but has not identified any legal error. Because the ALJ's conclusion is supported by a medical opinion that constitutes "substantial evidence," the decision must be upheld.

## VII. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 18), is DENIED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 23), is GRANTED; and

3. The Clerk of the Court shall enter judgment for defendant, and close this case.

SO ORDERED.

DATED: February 12, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE